IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY HAWKINS, *individually and on behalf of all those similarly situated*, 18 Everett Street East Orange, NJ 07017<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KEARNY BANK, 216 Main Street West Orange, NJ 07052<br><br>　　　　　　Defendant. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME WAGES UNDER THE NEW JERSEY WAGE AND HOUR LAW<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Named Plaintiff Courtney Hawkins (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Kearny Bank (hereinafter referred to as "Defendant").

## INTRODUCTION

1.　Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated all overtime wages owed to them in violation of the FLSA and the NJWHL. As a result of Defendant's unlawful conduct, Named Plaintiff and those similarly situated have suffered damages as set forth herein.

## JURISDICTION AND VENUE

2.　The foregoing paragraphs are incorporated herein as if set forth in their entirety.

1

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because a substantial part of the acts and/or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth in the caption.

8. Defendant, upon information and belief, is a bank operating a branch at the address set forth in the caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all Tellers, Customer Service Representatives, and other non-exempt, hourly employees presently and formerly employed by Defendant, who, during the time period from three years prior to the filing of the instant action through the

present, performed the opening and/or closing procedures described herein (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

11. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar pay provisions, and are all subject to Defendant's policies and practices as discussed *infra*.

12. There are numerous similarly situated current and former employees of Defendant whom Defendant failed to pay owed overtime wages in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

15. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16. Named Plaintiff brings her claims asserting violations of the NJWHL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all Tellers, Customer Service Representatives, and other non-exempt, hourly employees presently and formerly employed by Defendant, who, during the time period from two years prior to the filing of the instant action through the present, performed the opening and/or closing procedures described herein (hereinafter the members of this putative class are referred to as "Class Plaintiffs").

17. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

18. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was an hourly employee whom Defendant required to perform opening and/or closing procedures off-the-clock without compensation.

19. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

20. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish

incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

23. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendant failed to pay Named Plaintiff and Class Plaintiffs overtime wages for time spent performing opening and/or closing security procedures during workweeks in which they worked at least 40 hours per workweek.

## FACTUAL BACKGROUND

24. The foregoing paragraphs are incorporated herein as if set forth in full.

25. From on or around May 4, 2015 to on or around December 4, 2017, Named Plaintiff worked for Defendant as a Teller and Customer Service Representative at Defendant's branch located at 216 Main Street, West Orange, New Jersey.

26. As a Teller and Customer Service Representative, Named Plaintiff primarily performed customer service duties including, but not limited to, processing transactions for customers.

27. Additionally, Named Plaintiff also performed pre-shift and post-shift duties as detailed herein.

28. Defendant paid Named Plaintiff an hourly rate.

29. During the time period from two (2) years prior to the filing of the instant action through the present, Named Plaintiff worked at least one workweek in which her aggregate work

hours, including both the time recorded by Defendant and the off-the-clock time she worked as alleged herein, exceeded 40 hours.

30. Collective and Class Plaintiffs worked/work as Tellers, Customer Service Representatives, and in other hourly, non-exempt positions at Defendant's bank branches.

31. During their scheduled shifts, Collective and Class Plaintiffs primarily performed/perform customer service duties including, but not limited to, processing transactions for customers.

32. Additionally, Collective and Class Plaintiffs also performed/perform pre-shift and post-shift duties as detailed herein.

33. Defendant scheduled/schedules Collective and Class Plaintiffs to work during specified shift times.

34. Defendant paid/pays Collective and Class Plaintiffs hourly wages.

35. During the time period from three (3) years prior to the filing of the instant action through the present, each Collective Plaintiff worked at least one workweek in which their aggregate work hours, including both the time recorded by Defendant and the off-the-clock time worked as alleged herein, exceeded 40 hours.

36. During the time period from two (2) years prior to the filing of the instant action through the present, each Class Plaintiff worked at least one workweek in which their aggregate work hours, including both the time recorded by Defendant and the off-the-clock time worked as alleged herein, exceeded 40 hours.

### Unpaid Pre-Shift and Post-Shift Time

37. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

38. Defendant's policies required/require that two employees, working together, to open each of Defendant's bank branches each day the branches are open for business.

39. Defendant routinely required Named Plaintiff to assist in opening the branch where she was employed.

40. Defendant routinely required/requires Collective Plaintiffs and Class Plaintiffs to assist in opening the bank branches where they were/are employed.

41. Per Defendant's policies and procedures, the employees who were/are assigned to open one of Defendant's bank branches were/are required to engage in pre-shift security procedures, both outside and inside the building, prior to being permitted to clock-in.[1]

42. Once Named Plaintiff completed the opening security procedures, Named Plaintiff had to turn on her computer, wait for her computer to boot-up, and then open a program to clock-in.

43. Once Collective and Class Plaintiffs completed/complete the opening security procedures, they had/have to turn on their computers, wait for their computers to boot-up, and then open a program to clock-in.

44. Named Plaintiff typically spent between fifteen (15) and twenty (20) minutes performing work (i.e. the pre-shift security duties and booting up her computer) prior to being able to clock in.

45. Defendant's policies required/require that two employees, working together, to close each of Defendant's bank branches each day the branches are open for business.

46. Defendant routinely required Named Plaintiff to assist in closing the branch where she was employed.

---

[1] Named Plaintiff has not listed each security procedure that Defendant required/requires because doing so could potentially expose Defendant and its employees to security risks. Should this Court or Defendant seek Named Plaintiff to provide more detailed information regarding the pre-shift activities, Named Plaintiff is prepared to do so.

47. Defendant routinely required/requires Collective Plaintiffs and Class Plaintiffs to assist in closing the bank branches where they were/are employed.

48. Per Defendant's policies and procedures, the employees who were/are assigned to close one of Defendant's bank branches were/are required to engage in post-shift security procedures after being required to clock-out.

49. Additionally, prior to performing the post-shift security procedures and after clocking out, Named Plaintiff had to shut down her computer.

50. Prior to performing the post-shift security procedures and after clocking out, Collective and Class Plaintiffs had/have to shut down their computers.

51. Named Plaintiff typically spent around three (3) minutes performing work (i.e. shutting down her computer and the post-shift security duties) after clocking out.

52. The computer program used by Defendant to track Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' work hours recorded/records the precise time that they clocked/clock in.

53. During each workweek in which Named Plaintiff's, Collective Plaintiffs', or Class Plaintiffs' uncompensated time consisted/consists of time worked more than 40 hours per workweek, Defendant failed/fails to pay all overtime wages due to them.

54. Defendant committed the violations of the FLSA and the NJWHL asserted herein throughout Named Plaintiff's employment with Defendant, and upon information and belief, committed such violations before and after her employment with Defendant.

55. Upon information and belief, Defendant has maintained an unlawful wage payment system for at least the last three (3) years and has enforced such unlawful policies at all its bank branches throughout the United States.

56. The aforementioned conduct has caused damages to Named Plaintiff and Collective Plaintiffs.

## COUNT I
### Fair Labor Standards Act ("FLSA")
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendant)**

57. The foregoing paragraphs are incorporated herein as if set forth in full.

58. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the FLSA.

59. At all times relevant herein, Defendant was responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

60. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendant as "employees" within the meaning of the FLSA.

61. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked in excess of forty hours per workweek.

62. Defendant's violations of the FLSA include, but are not limited to, failing to pay Named Plaintiff and Collective Plaintiffs all overtime wages earned as a result of performing the opening and closing security procedures.

63. Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly was and is willful and was not based upon any reasonable interpretation of the law.

64. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Violations of the New Jersey Wage and Hour Law ("NJWHL")
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

65. The foregoing paragraphs are incorporated herein as if set forth in full.

66. At all times relevant herein, Defendant has and continues to be "employers" within the meaning of the NJWHL.

67. At all times relevant herein, Defendant is and was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

68. At all times relevant herein, Named Plaintiff and Class Plaintiffs are and were employed with Defendant as "employees" within the meaning of the NJWHL.

69. Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked more than forty hours per workweek.

70. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs proper overtime compensation for all hours worked beyond 40 per workweek violated the NJWHL.

71. Defendant's conduct in failing to properly pay Named Plaintiff and Class Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

72. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff prays that this Court enter an Order providing that:

(1) Defendant is to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings. Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs should be accorded those benefits illegally withheld;

(2) Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(3) Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by the FLSA and/or state law.

(4) Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' claims are to receive a jury trial.

                                                Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417
jswidler@swartz-legal.com
mmiller@swartz-legal.com

Date: March 18, 2019